BOWMAN AND BROOKE LLP
Richard L. Stuhlbarg (SBN 180631)
richard.stuhlbarg@bowmanandbrooke.com
970 West 190th Street, Suite 700
Torrance, CA  90502
Tel:   310.768.3068
Fax:   310.719.1019

Attorneys for Defendant,
FCA US LLC

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANGELA P. SPEGAL, an individual; and KRISTOPHER G. HAIL, an individual,<br><br>Plaintiffs,<br><br>vs.<br><br>CJM AUTOMOTIVE GROUP, INC., a California Corporation; FCA US LLC, a Delaware Limited Liability Company; and DOES 1 through 75, inclusive,<br><br>Defendants. | CASE NO.:  2:20-at-248<br><br>(Removed from California Superior Court, Kern County - Case No. BCV-20-100311)<br><br>**DEFENDANT FCA US LLC'S NOTICE OF REMOVAL**<br><br>Action Filed:   January 31, 2020<br>Trial:                None |

## NOTICE OF REMOVAL

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

**PLEASE TAKE NOTICE** that Defendant FCA US LLC ("FCA"), by its counsel BOWMAN AND BROOKE LLP, hereby removes to this court, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, based on diversity of citizenship, the claims pending as Case No. BCV-20-100311 of the Superior Court of California, County of Kern.  In support of this removal, FCA states as follow:

**I.    THE REMOVED CASE**

1.    The removed case is a civil action commenced in the Superior Court of California, County of Kern by Plaintiffs Angela P. Spegal and Kristopher G. Hail

("Plaintiffs") against FCA, entitled *Angela P. Spegal and Kristopher G. Hail v. CJM Automotive Group, Inc. and FCA US LLC* Case No. BCV-20-100311 (the "State Action"). The two named Defendants are FCA US LLC ("FCA") and CJM Automotive Group, Inc., a California Corporation ("CJM").

1. Plaintiff filed the State Action on January 31, 2020 asserting breach of implied and express warranty under California's Song-Beverly Consumer Warranty Act and negligence against CJM only. (*See* Complaint.)

## II. PROCEDURAL REQUIREMENTS

2. Generally, a defendant has thirty (30) days from the date of service of a copy of the Complaint to remove a case. 28 U.S.C. § 1446(b). FCA received notice of this matter after it was served with a copy of the Complaint on February 7, 2020. It was on this date that FCA recognized this matter was removable to Federal Court. On the face of the Complaint, counsel for FCA was able to ascertain the amount in controversy. (*See* **Exhibit A**; Declaration of Richard L. Stuhlbarg ["Stuhlbarg Decl."], ¶ 8, filed concurrently herewith).

3. Pursuant to Fed. R. Civ. Pro. 6(a), a period of greater than 30 days since February 7, 2020 has not elapsed because the 30th day fell on a weekend. (F.R. Civ. P. 6(a)(3); *Elliot v. Wal-Mart Stores, Inc.*, No. 1:09-CV-1420-OWW-GSA, 2009 WL 4253973, at *1 (E.D. Cal. Nov. 24, 2009), report and recommendation adopted, No. 1:09CV1420 OWW GSA, 2009 WL 10695076 (E.D. Cal. Dec. 23, 2009) (court holding in its application of Fed. R. Civ. P. 6(a)(3) that the August 8, 2009 deadline to file the notice of removal was extended until August 10, 2009 because August 8, 2009 fell on a Saturday); *see Dauenhauer v. Columbia River Bank*, No. 3:11-CV-1436 -ST, 2012 WL 1432610, at *5 (D. Or. Feb. 22, 2012), report and recommendation adopted, No. 3:11-CV-01436-ST, 2012 WL 1438973 (D. Or. Apr. 24, 2012) (extending the deadline to file a notice of removal to "the first accessible day that [] is not a Saturday, Sunday, or legal holiday" under F.R. Civ. P. 6(a)(3)(A) when last day to file was on date when court was closed; *see also*

*Rutherford v. Palo Verde Health Care Dist.*, No. EDCV1301247JAKSPX 2014 WL 12634510, at *7 (C.D. Cal. May 13, 2014) (court holding that because defendants' responses to plaintiffs' pleadings were due on Saturday, August 31, 2013, defendants' responses were actually due on the first court day after August 31, citing F.R. Civ. P. 6(a)(3)(A).) Accordingly, this Notice of Removal is therefore timely filed.

4.  Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders for the State Action in FCA's possession are contained in **Exhibits A-I** filed herewith. (Stanton Decl., ¶¶ 8-18).

5.  Pursuant to 28 U.S.C. § 1446(a), venue is proper in the Eastern District of California because this district embraces the place in which the State Action has been pending.

6.  Pursuant to 28 U.S.C. § 1446(d), a true and correct copy of this Notice of Removal will be filed with the Superior Court of California, County of Kern promptly after filing of same in this Court.

7.  Pursuant to 28 U.S.C. § 1446(d), written notice of filing of this Notice of Removal will be given to all adverse parties promptly after the filing of same in this Court.

8.  If any question arises as to the propriety of the removal of this action, FCA requests the opportunity to conduct discovery, brief any disputed issues and to present oral argument in favor of its position that this case is properly removable.

9.  Nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment of FCA's right to assert defenses including, without limitation, the defenses of (i) lack of jurisdiction over person, (ii) improper venue and/or *forum non conveniens*, (iii) insufficiency of process, (iv) insufficiency of service of process, (v) improper joinder of claims and/or parties, (vi) failure to state a claim, (vii) failure to join indispensable party(ies), or (viii) any other procedural or substantive defense available under state or federal law.

## II. THE AMOUNT IN CONTROVERSY REQUIREMENT IS MET

11. The amount in controversy in this action exceeds $75,000, exclusive of interest and costs. (*See* 28 U.S.C. § 1332)

12. The removing party's initial burden is to "file a notice of removal that includes 'a plausible allegation that the amount in controversy exceeds the jurisdictional threshold.'" *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1195 (9th Cir. 2015) (quoting *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014)). "By design, § 1446(a) tracks the general pleading requirement stated in Rule 8(a)" which requires only that the grounds for removal be stated in a "short and plain statement." *Dart*, 135 S. Ct. at 553.

13. Generally, a federal district court will first "consider whether it is 'facially apparent' from the complaint that the jurisdictional amount is in controversy." *Abrego v. Dow Chem. Co.*, 443 F.3d 676, 690 (9th Cir. 2006) (internal citation omitted). But a defendant may remove a suit to federal court notwithstanding the failure of the plaintiff to plead the required amount. Absent the facial showing from the complaint, the court may consider facts averred in the removal petition. *Id.* Next, if the defendant's allegation(s) regarding the amount in controversy is challenged, then "both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied." *Ibarra*, 775 F.3d at 1195. At that time, "it may be appropriate to allow discovery relevant to [the] jurisdictional amount prior to remanding." *Abrego*, 443 F.3d at 691 (internal citation omitted).

14. FCA disputes that it is liable for any damages whatsoever to Plaintiffs. Nevertheless, FCA can demonstrate that the amount in controversy exceeds $75,000 under the "preponderance of the evidence" standard. *See Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2007). The standard requires only that the removing party present evidence that "it is more likely than not" that the amount in controversy is satisfied. *Id.*

15. In the case at bar, Plaintiffs seek actual damages, along with rescission of the RISC and restitution of all monies expended under the RISC. (*See* Compl., Prayer for Relief.). The total sales price for the subject vehicle was $42,544.16. (*See* Compl., **Exhibit 1** and **Exhibit B** to Stuhlbarg Decl., ¶9.) Plaintiffs made a down payment of $32,612.00 and financed $8,968.05 for a total sales price of $42,544.16 This is a Song-Beverly case. Plaintiffs also seek to recover a civil penalty of two times actual damages (est. $85,088.32) pursuant to their Song-Beverly Consumer Warranty Act causes of action. (*See* Compl., *generally*; *see also* Stuhlbarg Decl., ¶¶9-12). Plaintiffs allege breach of express and implied warranties under the Song-Beverly Consumer Warranty Act (Cal. Civ. Code § 1790 *et seq.*) and negligence against CJM only. (*See generally*, Compl.)

16. Plaintiffs allege that on or about June 10, 2017, Plaintiffs purchased a used 2015 Jeep Wrangler Unlimited. (Compl., ¶ 8.) Plaintiffs allege the vehicle had nonconformities including engine defects and "check engine light illuminating." (*See* Compl., ¶ 10). Plaintiffs alleges they delivered the vehicle to FCA and FCA was unable to conform Plaintiff's vehicle to the applicable warranties. (*See id.* at ¶ 11.)

17. Plaintiffs allege they are entitled to relief under the Song-Beverly causes of action asserted against FCA including: actual damages, rescission of the RISC and restitution of all monies expended under the RISC; incidental damages; consequential damages; civil penalty in the amount two times Plaintiffs' actual damages pursuant to Civil Code section 1794, subdivision (c) or (e); costs of the suit and Plaintiff's reasonable attorney's fees pursuant to Civil Code section 1794, subdivision (d); prejudgment interest; and other relief as the Court may deem proper. (Compl., Prayer for Relief).

18. The amount in controversy calculation includes civil penalties under the Song-Beverly Act. *Brady v. Mercedes-Benz USA, Inc.*, 243 F. Supp. 2d 1004, 1009 (N.D. Cal. 2002). The amount in controversy also includes reasonable

estimates of attorney's fees. *Id.* at 1011; *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 700 (9th Cir. 2007); *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998).

19. Additionally, the *Brady* Court agreed with the substantial line of cases that held that a reasonable estimate of fees likely to be recovered may be used in calculating the amount in controversy. *See Miera v. Dairyland Ins. Co.,* 143 F.3d 1337, 1340 (10th Cir.1998); *Simmons v. PCR Technology*, 209 F.Supp.2d 1029, 1034-35 (N.D.Cal.2002); *Gerig v. Krause Publications, Inc.,* 58 F.Supp.2d 1261, 1265 (D.Kan.1999); *Plus System, Inc. v. New England Network, Inc.,* 804 F.Supp. 1ll, 116-17 (D.Colo.1992). In doing so, the Court noted that Mercedes Benz USA submitted a declaration detailing fee awards in similar lemon law cases wherein attorney's fees of over $60,000 were awarded. *Brady v. Mercedez Benz*, 243 F. Supp. 2d 1004, 1009 (N.D. Cal. 2002). As a result, this Court may also consider the reasonable estimate of fees in this case as part of the amount in controversy analysis.

20. The Song-Beverly Act allows for the recovery of attorney's fees, which commonly exceed $100,000. (*See* Declaration of Richard Stuhlbarg ["Stuhlbarg Decl."], ¶ 5, filed concurrently herewith).

21. If Plaintiffs were to prevail on their Song-Beverly Act claims, they could be awarded damages of $75,000.00 or more if awarded statutory civil penalties and attorney's fees. Plaintiffs allege they suffered damages of not less than $42,544.16 and adding $85,088.32 a two times civil penalty pursuant to the Song-Beverly Act, totals at least $127,632.48. (Stuhlbarg Decl., ¶¶9-12). Adding this amount to reasonable attorney fees which a party is entitled to under the Song-Beverly Act, which can be reasonably considered to be at least $35,000.00, it is more likely than not that the amount in controversy exceeds $75,000. (Stuhlbarg Decl., ¶¶ 5-6,).

22. Thus, the total amount in controversy therefore exceeds $75,000.00.

1  The amount in controversy is satisfied. (Stuhlbarg Decl., ¶¶ 5-6; Cal. Civ. Code §
2  1793.2(d)(2)(B)-(C); § 1794(c)).

### III.    DIVERSITY OF CITIZENSHIP EXISTS

23.    The basic requirement in diversity cases is that all Plaintiff be of different citizenship than all defendants.  Any instance of common citizenship prevents federal diversity jurisdiction.  For diversity purposes, a natural person is a "citizen" of the state which he or she is domiciled.  (*Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983).)  A natural person's domicile is the place he or she resides with the intention to remain or to which he or she intends to return.  (*Kanter v. Warner-Lambert Co.*, 265 F.3d. 853, 857 (9th Cir. 2001).)   A party's residence is prima facie evidence of domicile, and only if that party disputes domicile is the removing party required to provide proof of domiciliary intent.  *See, e.g.,, State Farm Mut. Auto Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994).  A corporation, on the other hand, is deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business.  (28 U.S.C. §1332(c)(1).)

24.    A corporation's principal place of business refers to the place where its high-level officers "direct, control, and coordinate the corporation's activities." (*See Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010).)  "[T]he citizenship of an LLC for purposes of the diversity jurisdiction is the citizenship of its members." (*Cosgrove v. Bartolotta*, 150 F.3d 729, 731 (7th Cir. 1998) cited by *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) and *GMAC Comm'l Credit LLC v. Dillard Dept. Stores, Inc.*, 357 F.3d 827, 829 (8th Cir. 2004).

25.    A case is removable on diversity grounds if diversity of citizenship can be ascertained from the face of Plaintiff's Complaint or this fact is disclosed in pleadings, motions or papers "from which it may first be ascertained that the case is one which is or has become removable..." (28 U.S.C. §1446(b)(3).)

26.    A party's residence is prima facie evidence of domicile, and only if that

party disputes domicile is the removing party required to provide proof of domiciliary intent. *See, e.g.*, *State Farm Mut. Auto Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994).)

27. Plaintiffs, are and were, at the time of filing of the Complaint, citizens and residents of Kern County, California. (*See* Stuhlbarg Decl., ¶ 18 (establishing that Plaintiffs reside in California); *Ervin v. Ballard Marine Constr., Inc.* (N.D.Cal. Aug. 11, 2016, No. 16-cv-02931-WHO) 2016 U.S.Dist.LEXIS 106507, at *8 [internal citations omitted] (Plaintiff's complaint stated only that she was a resident of Oregon, it made no statement as to Plaintiff's citizenship. The Court found that for diversity purposes a plaintiff is a citizen of the state in which he or she resides in the absence of evidence to the contrary.).) "It is assumed ... that a person's current residence is also his domicile." (13E Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 3612 (3d ed. 2013).) Plaintiffs also are, and were at the time of purchase of the Subject Vehicle, residents of California, specifically a resident of the city of Bakersfield, County of Kern, California, and have resided there since 2014. (*See* Stuhlbarg Decl., ¶ 18.) Plaintiffs, based on belief and information, have no intention to leave California.

28. FCA is, and was at the time Plaintiffs commenced this action, a corporation organized under the laws of the State of Delaware with its principal place of business in Michigan. This Court can take judicial notice of these facts. (*See* Excerpt from FCA's 2014 Form 10-K filing, **Exhibit G** Stuhlbarg Decl., ¶ 17; *see also* Fed. R. Evid. 201(b)(2) (courts may judicially notice facts that "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.").)

### A. Defendant CJM and Fraudulent Joinder

29. As indicated in Plaintiffs' Complaint, CJM is a California limited liability company. (Compl., ¶ 2) Defendant FCA contends that Plaintiff fraudulently joined CJM in this action for no reason other than to defeat diversity

jurisdiction and prevent removal of the action to federal court. *See In re Briscoe*, 448 F. 3d 201, 217 (3d Cir. 2006) ("[fraudulent joinder exists where] there is no reasonable basis in fact or colorable ground supporting the claim against the joined defendant, or no real intention in good faith to prosecute the action against the defendants or seek a joint judgment.").

30.   Here, Plaintiff has sued both FCA and CJM under Song-Beverly and additionally filed a cause of action for negligence against CJM. FCA believes Plaintiffs have no intention of prosecuting their warranty claims against CJM, and only added CJM in an attempt to defeat diversity. Indeed, a review of the Complaint's allegations show only bare-boned, non-specific allegations as related to CJM. (Compl., ¶¶13-46.)

31.   Accordingly, it is evident these claims were only brought to defeat the claim of diversity and removal to Federal Court.  Indeed, FCA's counsel's vast litigation experience in opposing these type of cases has been that individual dealerships have not been regularly sued. (Stuhlbarg Decl., ¶ 7.) Because Plaintiff's joinder of CJM is fraudulent, this Court has the jurisdiction to accept this matter. Accordingly, complete diversity exists for purposes of 28 U.S.C. §1332 jurisdiction.

## IV.   CONCLUSION

32.   Consequently, the State Action may be removed to this Court by FCA in accordance with the provisions of 28 U.S.C. § 1441 because: (i) this action is a civil action pending within the jurisdiction of the United States District Court for the Eastern District of California, , (ii) the action is between citizens of different states, and (iii) the amount in controversy exceeds $75,000.00, exclusive of interest, attorney's fees, and costs.

Dated:  March 9, 2020					BOWMAN AND BROOKE LLP

							By	*/s/Richard L. Stuhlbarg*
								Richard L. Stuhlbarg
								Garrett B. Stanton
								Attorneys for Defendant,
								FCA US LLC

# PROOF OF SERVICE
## F.R.C.P. Rule 5(b)(2)(3)

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 970 West 190th Street, Suite 700, Torrance, CA 90502 and my e-mail address is:

On March 9, 2020, I served the foregoing documents described as ***DEFENDANT FCA US LLC'S NOTICE OF REMOVAL*** on all interested parties in this action by enclosing ☒ **a true copy** ☒ the **original** of them in an envelope addressed as follows:

| | |
|---|---|
| Sharon E. Glassey, Esq.<br>Christopher T. Smith, Esq.<br>Zachary H. Rankin, Esq.<br>Glassey \| Smith<br>9685 Via Excelencia, Suite 108<br>San Diego, CA 92126 | **ATTORNEYS FOR PLAINTIFFS**<br><br>Tel:  858/ 207-6127<br>Fax:  858/ 263-0218<br>EM:<br>sharon@californiaconsumerattorneys.com<br>chris@californiaconsumerattorneys.com<br>zac@californiaconsumerattorneys.com |

☒ **BY MAIL (F.R.C.P. Rule 5(b)(2)):** I served the documents by placing the envelope for collection and mailing following our ordinary business practices. I am readily familiar with the firm's business practice for collecting and processing documents for mailing. On the same day the document is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service in a sealed envelope with postage fully prepaid. I am aware that on motion of the party served, service is presumed invalid if the postal cancellation date or postage date is more than 1 day after the date of deposit for mailing in affidavit.

☐ **BY ELECTRONIC SERVICE (CCP 1010.6.(b)(6)):** Based on an agreement of the parties to accept service by electronic transmission, I caused the documents to be sent to the addressees persons at the electronic notification listed on the Service/Mailing List.

Executed on March 9, 2020, at Torrance, California.

☒ (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

_____
ELIZABETH VELASQUEZ