BOWMAN AND BROOKE LLP
Richard L. Stuhlbarg (SBN 180631)
richard.stuhlbarg@bowmanandbrooke.com
970 West 190th Street, Suite 700
Torrance, CA  90502
Tel:       310.768.3068
Fax:      310.719.1019

Attorneys for Defendant,
FCA US LLC

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANGELA P. SPEGAL, an individual; and KRISTOPHER G. HAIL, an individual, <br><br> Plaintiffs, <br><br> vs. <br><br> CJM AUTOMOTIVE GROUP, INC., a California Corporation; FCA US LLC, a Delaware Limited Liability Company; and DOES 1 through 75, inclusive, <br><br> Defendants. | CASE NO.:  2:20-at-248 <br><br> (Removed from California Superior Court, Kern County - Case No. BCV-20-100311) <br><br> **DECLARATION OF RICHARD STUHLBARG IN SUPPORT OF FCA US LLC'S NOTICE OF REMOVAL** <br><br> Action Filed:     January 31, 2020 <br> Trial:                None |

I, Richard Stuhlbarg, declare as follows:

1.     I am an attorney admitted to practice before all courts of the State of California and the United States District Court for the Eastern District of California.  I am a Partner at Bowman and Brooke LLP, attorneys of record for FCA US LLC ("FCA US").  This declaration is offered in support of FCA US's Notice of Removal to the United States District Court for the Central District of California under 28 U.S.C. §§ 1331, 1332, 1441 and 1446.  I have personal knowledge of all the facts set forth herein, and if called upon to do so by the Court, could and would testify competently thereto.  As to those matters stated upon information and belief, I am informed and believe such matters to be true.

1  This declaration is submitted in support of Defendant's Notice of Removal to the United States District Court for the Eastern District of California under 28 U.S.C. §§ 1331,1332, 1441 and 1446.

3. In executing this declaration, I do not intend, and FCA US has not authorized me, to waive any protections or privileges FCA US may have as to proprietary, trade secret, and/or confidential information, or to waive FCA US' attorney-client privilege as to any of its communications or to waive the work product immunity developed in anticipation of or in response to litigation. I intend only to describe certain factual matters that are pertinent to this declaration.

4. I obtained a J.D. from the Loyola Law School in Los Angles in 1995. I was President of the South Bay Bar Association in Torrance in 2019 where I was previously on the Board of Directors and the Civil Litigation Section Chair. I have also been recognized as a *Southern California Super Lawyer*. I have handled hundreds of Song-Beverly Act (or California lemon law) cases since 1998 and tried more than 20 to verdict or nonsuit for clients including AM General (Hummer), Aston Martin, BMW, Ferrari, Ford, Jaguar, and Toyota in state and federal courts. I have lectured on state and federal lemon law to various groups including most recently at the April 2019 American Bar Association TIPS Motor Vehicle conference in Coronado, California on recent California Automotive Appellate Warranty Update. I represent automotive clients in cases involving claimed violations of the Song-Beverly Act, the Magnusson-Moss Act and including allegations of fraud, violation of the Consumers Legal Remedies Act, and punitive damages.

5. The Song-Beverly Act allows for the recovery of attorney's fees, and plaintiffs' attorneys regularly request more than $75,000 in Song Beverly cases tried or prepared for trial. *See, e.g., Hall v. FCA US LLC*, 2018 U.S. Dist. LEXIS 85048, at *8-9 (E.D. Cal. May 21, 2018) (plaintiffs' counsel sought $82,110 in fees); *Ruiz v. BMW of N. Am., LLC*, 2018 U.S. Dist. LEXIS 76855, at *22 (C.D. Cal.

May 7, 2018) (plaintiff's counsel sought $203,966 in fees); *Garcia v. FCA US LLC*, 2018 U.S. Dist. LEXIS 37594, at *8 n.1 (E.D. Cal. Mar. 7, 2018) (plaintiff's counsel sought $60,615 in fees); *Davtian v. Jaguar Land Rover N. Am. LLC*, 2017 U.S. Dist. LEXIS 30600, at *3 (C.D. Cal. Mar. 3, 2017) (plaintiffs' counsel sought $195,125 in fees); *Clayton v. Ford Motor Co.*, 2017 Cal. App. Unpub. LEXIS 4596, at *1-2 (July 5, 2017) (plaintiffs' attorneys sought $177,840 in fees based on 444.6 hours of work at an hourly rate of $400, plus a 2.0 multiplier, i.e. $355,680); *Goglin v. BMW of N. Am., LLC*, 4 Cal. App. 5th 462, 464 (2016) (trial court awarded "$185,000 in attorney fees and costs for successfully settling her claims under the Song-Beverly Consumer Warranty Act "). In my experience litigating such cases, it is not uncommon, and in fact quite regular, for attorney's fee and cost awards (or resolutions through informal discussions with opposing counsel) to exceed $100,000. In sum, the attorney fee and cost payments tendered (or for judgments entered) to the consumer's counsel routinely adds significant financial exposure to an automotive manufacturer and is a recoverable element of damages in lawsuits involving the Song-Beverly Act.

6. Based on my experience and knowledge of litigating in cases involving claimed violations of the Song-Beverly Act, I testify the amount in controversy in this case is more likely than not to exceed $75,000.

7. Furthermore, my extensive experience in opposing these type of cases has been that individual dealerships have not been sued as a matter of course. It is my belief that the instant Plaintiff only sued the named CJM Automotive Group, Inc., located in Kern County, in an attempt to defeat diversity and to prevent the matter from being removed to federal court.

8. Upon review of the Complaint, I was able to ascertain the amount in controversy and learned that this case is removable. Attached as **Exhibit A** is a true and correct copy of the Complaint filed in *Angela P. Spegal and Kristopher G. Hail v. FCA US LLC et al.*, Case No. BCV-20-100311.

9. Plaintiffs alleged they are entitled to relief including rescission of the purchase contract and restitution of all monies expended. The sales contract for Plaintiffs' vehicle, which is the subject of the Complaint, states the total sales price of the vehicle is $42,544.16. Attached as **Exhibit B** is a true and correct copy of the Sales Contract between Plaintiffs and CJM Automotive Group, Inc., for the sale of a used 2015 Jeep Wrangler Unlimited, VIN: 1C4HJWDGXFL554230. The Sales Contract is also attached as **Exhibit 1** to the Complaint.

10. I performed the calculations to determine the potential damages to be awarded to Plaintiffs if they prevail on their Song-Beverly Act causes of action.

11. The Song-Beverly Act authorizes a prevailing party to recover up to two times the purchase price of the vehicle as civil penalty.

12. Pursuant to the statutory method of calculation above, I calculated Plaintiffs' potential damages on their Song-Beverly Act claims using figures presented in the Sales Contract. In this case Plaintiffs alleged they are entitled to damages in rescission of the purchase contract and restitution of all monies expended, which is not less than $42,544.16 plus $85,088.32 as a double civil penalty totals $127,632.48. The prevailing party can also recover reasonably incurred attorney's fees.

13. Attached as **Exhibit C** is a true and correct copy of the Summons filed in *Angela P. Spegal and Kristopher G. Hail v. FCA US LLC et al.*, Case No. BCV-20-100311.

14. Attached as **Exhibit D** is a true and correct copy of the Civil Case Cover Sheet filed in *Angela P. Spegal and Kristopher G. Hail v. FCA US LLC et al.*, Case No. BCV-20-100311.

15. Attached as **Exhibit E** is a true and correct copy of FCA's Answer to Plaintiffs' Complaint filed in *Angela P. Spegal and Kristopher G. Hail v. FCA US LLC et al.*, Case No. BCV-20-100311.

16. Attached as **Exhibit F** is a true and correct copy of the Proof of Service for FCA's Answer filed in *Angela P. Spegal and Kristopher G. Hail v. FCA US LLC et al.*, Case No. BCV-20-100311.

17. I have proof of my client's citizenship as asserted in our removal filings. Attached as **Exhibit G** is a true and correct copy of an excerpt from FCA's 10-K filing for the fiscal year ending December 31, 2014, which was downloaded on August 14, 2019 from the Securities and Exchange Commission website, https://www.sec.gov/Archives/edgar/data/1513153/000151315315000010/fcausllc-2014123110k.htm.

18. Attached as **Exhibit H** is a true and correct (redacted) copy of the TransUnion report regarding Plaintiff Angela P. Spegal.  Attached as **Exhibit I** is a true and correct (redacted) copy of the TransUnion report regarding Plaintiff Kristopher G. Hail.  In compliance with Federal Rule of Civil Procedure 5.2 and Local Rule 5.2-1, any personal identifying information has been redacted.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and if called as a witness I could and would so testify.

Executed this 9th day of March 2020 at Torrance, California.

                            */s/ Richard Stuhlbarg*
                            Richard Stuhlbarg, Declarant

# PROOF OF SERVICE
## F.R.C.P. Rule 5(b)(2)(3)

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 970 West 190th Street, Suite 700, Torrance, CA 90502 and my e-mail address is:

On March 9, 2020, I served the foregoing documents described as ***CIVIL COVER SHEET*** on all interested parties in this action by enclosing ☒ **a true copy** ☒ the **original** of them in an envelope addressed as follows:

| | |
|---|---|
| Sharon E. Glassey, Esq.<br>Christopher T. Smith, Esq.<br>Zachary H. Rankin, Esq.<br>Glassey \| Smith<br>9685 Via Excelencia, Suite 108<br>San Diego, CA 92126 | **ATTORNEYS FOR PLAINTIFFS**<br><br>Tel:   858/ 207-6127<br>Fax:  858/ 263-0218<br>EM:<br>sharon@californiaconsumerattorneys.com<br>chris@californiaconsumerattorneys.com<br>zac@californiaconsumerattorneys.com |

☒     **BY MAIL (F.R.C.P. Rule 5(b)(2)):** I served the documents by placing the envelope for collection and mailing following our ordinary business practices. I am readily familiar with the firm's business practice for collecting and processing documents for mailing. On the same day the document is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service in a sealed envelope with postage fully prepaid. I am aware that on motion of the party served, service is presumed invalid if the postal cancellation date or postage date is more than 1 day after the date of deposit for mailing in affidavit.

☐     **BY ELECTRONIC SERVICE (CCP 1010.6.(b)(6)):** Based on an agreement of the parties to accept service by electronic transmission, I caused the documents to be sent to the addressees persons at the electronic notification listed on the Service/Mailing List.

Executed on March 9, 2020, at Torrance, California.

☒ (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

*E. Velasquez*
ELIZABETH VELASQUEZ

22172963v1

6