# EXHIBIT "A"

ELECTRONICALLY FILED
1/31/2020 2:43 PM
Kern County Superior Court
By Rebecca Saldivar, Deputy

Glassey | Smith
Sharon E. Glassey, SBN: 226481
Christopher T. Smith, SBN: 281599
Zachary H. Rankin, SBN: 319980
9685 Via Excelencia, Suite 108
San Diego, CA 92126
TEL: (858) 207-6127
FAX: (858) 263-0218

sharon@californiaconsumerattorneys.com
chris@californiaconsumerattorneys.com
zac@californiaconsumerattorneys.com

Attorneys for Plaintiffs

IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

IN AND FOR THE COUNTY OF KERN

METRO DIVISION

| | |
|---|---|
| **Angela P. Spegal**, an individual; and **Kristopher G. Hail**, an individual; <br><br> Plaintiffs, <br><br> v. <br><br> **CJM Automotive Group, Inc.**, a California corporation; <br><br> **FCA US LLC**, a Delaware limited liability company; <br><br> and <br><br> **Does 1 through 75**, inclusive, <br><br> Defendants. | Case No.  BCV-20-100311 <br><br> **Complaint** |

## Parties and Venue

1. Plaintiffs Angela P. Spegal and Kristopher G. Hail are individuals.

2. CJM Automotive Group, Inc. ("Dealer") is, and at all material times mentioned in the complaint, was a California limited liability company doing business as Bakersfield Chrysler Jeep Fiat. Dealer is, and at all material times mentioned in the complaint was, a vehicle dealer licensed by the California Department of Motor Vehicles (DMV). Dealer's DMV dealer license number is 56619. The California address for Dealer's main location in which the contract that is the subject of this lawsuit was entered into, is in the City of Bakersfield, County of Kern, in the State of California. Therefore, Plaintiffs commenced the instant action in the proper venue.

3. Defendant, FCA US, LLC ("FCA"), is or was the manufacturer or distributor of the vehicle that is the subject of this lawsuit. FCA is and was doing business through its authorized retailer, Dealer.

4. Plaintiffs do not know the true names and capacities, whether corporate, partnership, associate, individual or otherwise, of Defendants sued herein as Does 1 through 75, inclusive, and thus name them under the provisions of section 474 of the California Code of Civil Procedure. Defendants, Does 1 through 75, inclusive, are in some manner responsible for the acts, occurrences and transactions set forth herein, and are legally liable to Plaintiffs and/or they are the alter-ego of the Defendants named herein. Plaintiffs will set forth the true names and capacities of the fictitiously named Defendants together with appropriate charging allegations when ascertained.

5. All acts of Dealer's employees as hereinafter alleged were authorized or ratified by the owner or managing agent(s) of Dealer.

6. All acts of FCA's employees as hereinafter alleged were authorized or ratified by the owner or managing agent(s) of FCA.

7. Each Defendant, whether actually or fictitiously named herein, was the principal, agent (actual or ostensible), co-conspirator, or employee of each other Defendant and in acting as such principal or within the course and scope of such employment, agency, or conspiracy, took some part in the acts and omissions hereinafter set forth by reason of which each Defendant is liable to Plaintiffs for the relief prayed for herein.

## Summary of Allegations

8. On June 10, 2017, Plaintiffs purchased a used 2015 Jeep Wrangler Unlimited, VIN: 1C4HJWDGXFL554230 ("Vehicle"), from Dealer. To memorialize the sale, Dealer prepared, and Plaintiffs signed a Retail Installment Sale Contract ("RISC"). A true and correct copy of the RISC is attached hereto as Exhibit 1.

9. When Plaintiffs purchased the Vehicle, the Vehicle was less than three years old, with 51,391 miles on the odometer. Neither Defendant disclaimed any warranties for the Vehicle. Based on the age and mileage of the Vehicle, FCA's 5 year/100,000 mile powertrain and emissions warranty was in effect when Plaintiffs purchased the Vehicle. Because FCA's express warranty was in effect when the Vehicle was sold to Plaintiffs, the Vehicle was also covered FCA's implied warranty of merchantability. Because Dealer did not disclaim any warranties, Dealer's implied warranty of merchantability also covered the Vehicle.

10. After purchasing the Vehicle, and during the terms of FCA's express and implied warranties, along with Dealer's implied warranty, the Vehicle exhibited multiple, substantial defects and nonconformities. These defects and nonconformities include, among others, issues with the Vehicle's engine and Check Engine Light illuminating. These defects and nonconformities substantially impair the use, value, and/or safety of the Vehicle.

11. After discovering these defects and nonconformities, Plaintiffs delivered the Vehicle to FCA's authorized repair facility, Dealer, for multiple repair attempts. FCA's repair facility, Dealer, verified the defects and nonconformities, attempted repairs, but was unable to service or repair the Vehicle to conform to the warranties. Further, based on the defects in the Vehicle, the Vehicle was unmerchantable when sold to Plaintiffs.

12. The Vehicle still exhibits defects and nonconformities for which Plaintiffs delivered the Vehicle for service or repair.

## First Cause of Action
## Violation of the Song-Beverly Consumer Warranty Act
## Civil Code Section 1790, *et seq.*

13. Plaintiffs incorporate herein each and every allegation set forth in the preceding and following paragraphs of this Complaint, as though fully set forth herein.

14. The Vehicle is a consumer good, as Civil Code section 1791(a), defines the term "consumer good."

15. Plaintiffs are buyers, as Civil Code section 1791(b) defines the term "buyer."

16. Dealer is a retailer, as Civil Code section 1791(l) defines the term "retailer."

17. Dealer sold the Vehicle to Plaintiffs, as Civil Code section 1791(n) defines the term "sale."

18. FCA is a manufacturer, as Civil Code section 1791(j) defines the term "manufacturer."

19. FCA is a distributor, as Civil Code section 1791(e) defines the term "distributor."

20. FCA's implied warranty of merchantability accompanied Dealer's sale of the Vehicle to Plaintiffs, as Civil Code section 1791.1(a) defines the term "implied warranty of merchantability."

21. Dealer's implied warranty of merchantability accompanied Dealer's sale of the Vehicle to Plaintiffs, as Civil Code section 1791.1(a) defines the term "implied warranty of merchantability."

22. FCA's express warranty covered the Vehicle when it was sold to Plaintiffs, as Civil Code section 1791.2, subdivision (a), defines the term "express warranty."

23. Dealer is a service and repair facility authorized to carry out the warranties of FCA, as Civil Code section 1793.2, subdivision (a), defines the term "service and repair facilities."

### *Dealer's Breach of the Implied Warranty of Merchantability*

24. Dealer did not disclaim any warranties through the process set forth by Civil Code section 1791.3 and Civil Code section 1792.5. Therefore, Dealer's implied warranty of merchantability attached to Dealer's sale of the Vehicle to Plaintiffs.

25. The implied warranty of merchantability means that a consumer good meets each of the following: (1) Pass without objection in the trade under the contract description; (2) Are fit for the ordinary purposes for which such goods are used; (3) Are adequately contained, packaged, and labeled; and (4) Conform to the promises or affirmations of fact made on the container or label.

26. The Vehicle was sold to Plaintiffs in an unmerchantable condition. Due to the defects and nonconformities, the Vehicle would not pass without objection in the trade under the contract description, and is not fit for the ordinary purposes for which such goods are used. The sale of the Vehicle in an unmerchantable condition breached Dealer's implied warranty of merchantability.

4
Complaint

27. Based upon Dealer's breach of the implied warranty of merchantability, Plaintiffs are entitled to and do justifiably revoke acceptance of the Vehicle under Song-Beverly.

28. Plaintiffs are entitled to and do seek damages and other legal and equitable relief, including, but not limited to, all incidental and consequential damages resulting from Dealer's failure to comply with its obligations under Song-Beverly. Plaintiffs also seek rescission of the RISC.

29. Plaintiffs are entitled under Song-Beverly to recover as part of the judgment a sum equal to the aggregate amount of costs and expenses, including attorneys' fees, reasonably incurred in connection with the commencement and prosecution of this action.

### *FCA's Breach of the Implied Warranty of Merchantability*

30. FCA did not disclaim any warranties through the process set forth by Civil Code section 1791.3 and Civil Code section 1792.5. Therefore, FCA's implied warranty of merchantability covered the Vehicle.

31. The implied warranty of merchantability means that a consumer good meets each of the following: (1) Pass without objection in the trade under the contract description; (2) Are fit for the ordinary purposes for which such goods are used; (3) Are adequately contained, packaged, and labeled; and (4) Conform to the promises or affirmations of fact made on the container or label.

32. The Vehicle was sold to Plaintiffs in an unmerchantable condition. Due to the defects and nonconformities, the Vehicle would not pass without objection in the trade under the contract description, and is not fit for the ordinary purposes for which such goods are used. The sale of the Vehicle in an unmerchantable condition breached FCA's implied warranty of merchantability.

33. Based upon FCA's breach of the implied warranty of merchantability, Plaintiffs are entitled to and do justifiably revoke acceptance of the Vehicle under Song-Beverly.

34. Plaintiffs are entitled to and do seek damages and other legal and equitable relief, including, but not limited to, all incidental and consequential damages resulting from Dealer's failure to comply with its obligations under Song-Beverly. Plaintiffs also seek rescission of the RISC.

35. Plaintiffs are entitled under Song-Beverly to recover as part of the judgment a sum equal to the aggregate amount of costs and expenses, including attorneys' fees, reasonably incurred in connection with the commencement and prosecution of this action.

5
Complaint

### *FCA's Breach of the Express Warranty*

36. The defects and nonconformities to warranty, as listed in Paragraph 10 above, manifested themselves within FCA's express warranty period. The nonconformities substantially impair the use, value, and/or safety of the Vehicle.

37. Plaintiffs delivered the Vehicle to the FCA's authorized repair facility, Dealer, for a reasonable number of repair attempts to provide FCA the opportunity to fix the Vehicle's defects.

38. After a reasonable number of repair attempts, FCA, through its authorized repair facility, Dealer, was not able to repair the Vehicle's defects.

39. After a reasonable number of repair attempts, FCA, through its authorized repair facility, Dealer, was unable to conform the Vehicle to FCA's express warranty.

40. Because FCA, through its authorized repair facility, Dealer, was unable to repair the Vehicle's defects, Plaintiffs are entitled to return the Vehicle for a replacement or a refund of the amount paid for the Vehicle.

41. Plaintiffs are entitled to and do seek damages and other legal and equitable relief, including, but not limited to, all incidental and consequential damages resulting from FCA's failure to comply with its obligations under Song-Beverly. Plaintiffs also seek rescission of the RISC. Further, Plaintiffs seek a civil penalty from FCA for its willful violation of Song-Beverly.

42. Plaintiffs are entitled under Song-Beverly to recover as part of the judgment a sum equal to the aggregate amount of costs and expenses, including attorneys' fees, reasonably incurred in connection with the commencement and prosecution of this action.

### Second Cause of Action
### Negligence
### As to Dealer Only

43. Plaintiffs incorporate herein each and every allegation set forth in the preceding and following paragraphs of this complaint, as though fully set forth herein.

44. Dealer owed a duty to Plaintiffs to use ordinary care and skill in repairing the Vehicle. Dealer breached its duty of ordinary care and skill when it failed to repair the Vehicle, despite multiple repair attempts.

45. Plaintiffs were harmed. Dealer's breach of its duty to use ordinary care and skill in repairing the Vehicle was a substantial factor in causing Plaintiffs' harm.

46. Plaintiffs seek actual damages, incidental and consequential damages, reliance damages. Plaintiffs seek rescission of the RISC and restitution of all amounts paid under to the RISC.

## Prayer For Relief

Accordingly, Plaintiffs pray for judgment as follows and as permitted as to each cause of action:

1. For actual damages according to proof at trial;
2. For rescission of the RISC and restitution of all monies expended under the RISC;
3. For incidental and consequential damages according to proof at trial;
4. For a civil penalty from FCA;
5. For pre-judgment interest at the legal rate;
6. For reasonable attorney's fees and costs of suit as permitted by law (including, but not limited to, Civil Code section 1794(d); and
7. For such other and further relief as the Court deems just and proper under the circumstances.

January 30, 2020

Glassey | Smith

By: _____
Sharon E. Glassey
Christopher T. Smith
Zachary H. Rankin
Attorneys for Plaintiffs